**MARTIN D. SINGER (BAR NO. 78166)**
mdsinger@lavelysinger.com
**LINDSAY D. MOLNAR (BAR NO. 275156)**
lmolnar@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615

Attorneys for Plaintiff
SWEET MICKY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SWEET MICKY, LLC., a Florida limited liability company,<br><br>Plaintiff,<br>v.<br><br>SHOWTIME NETWORKS, INC., a Delaware corporation, SHOWTIME DIGITAL, INC., a Delaware corporation, BEN PATTERSON, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-05227<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br><br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br><br>**3. DECLARATORY JUDGMENT;**<br><br>**4. ACCOUNTING; AND**<br><br>**5. PRELIMINARY AND PERMANENT INJUNCTION.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff SWEET MICKY LLC ("PLAINTIFF"), by and through its undersigned counsel, for its complaint against Defendants SHOWTIME NETWORKS, INC. ("SHOWTIME"), SHOWTIME DIGITAL, INC. ("SHOWTIME DIGITAL") and BEN PATTERSON ("PATTERSON") (collectively, "DEFENDANTS"), alleges as follows:

## NATURE OF THE ACTION

1. This is a classic David and Goliath case. Under the mistaken assumption that Plaintiff, a small documentary film producer owned by Pras Michel, co-founder of the musical group The Fugees, would not fight back, SHOWTIME, a multi-million dollar company that owns and operates the cable television network SHOWTIME®, has been, and continues to, unlawfully advertise, commercially exploit, distribute, broadcast on television and stream online Plaintiff's copyrighted documentary film—*Sweet Micky for President* (the "Sweet Micky Film")—all without Plaintiff's authorization.

2. Despite multiple demands by Plaintiff to cease the unauthorized exploitation of the Sweet Micky Film, SHOWTIME has refused. Instead, SHOWTIME relies on a license agreement that was **never signed by Plaintiff** to justify its blatant copyright infringement. In fact, the unauthorized signatory of the purported license agreement, the film's co-producer and director, Ben Patterson, even told SHOWTIME that he is "not able to sign on behalf of the film…" SHOWTIME simply does not care. Instead, SHOWTIME has been repeatedly exploiting, broadcasting and streaming the Sweet Micky Film and with every broadcast only further thwarts Plaintiff's ability to secure future partners and/or investors for the commercial exploitation of the Sweet Micky Film.

3. As such, Plaintiff has filed this lawsuit for Copyright Infringement, Declaratory Judgment, Accounting, and Injunctive Relief against SHOWTIME, SHOWTIME DIGITAL and Ben Patterson in order to take back its film.

## THE PARTIES

4. Plaintiff Sweet Micky, LLC, is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida.

5. Plaintiff is informed and believes and based thereon alleges that Defendant Showtime Networks, Inc. is a corporation organized and existing under the laws of the State of Delaware, is registered to do business in California and has offices located at 10880 Wilshire Blvd, Suite 1600, Los Angeles, California 90024. Upon further information and belief, SHOWTIME owns and operates the premium television networks SHOWTIME®, SHOWTIME ON DEMAND® and SHOWTIME ANYTIME®, all of which have broadcasted and continue to broadcast the Sweet Micky Film without Plaintiff's permission.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Showtime Digital, Inc. is a corporation organized and existing under the laws of the State of Delaware. Upon further information and belief, SHOWTIME DIGITAL is a wholly-owned subsidiary of SHOWTIME that operates the stand-alone streaming service SHOWTIME®, through which it streams the Sweet Micky Film without Plaintiff's permission.

7. Plaintiff is informed and believes and based thereon alleges that Defendant Ben Patterson is an individual that is a citizen of New York.

8. Plaintiff is informed and believes, and on that basis alleges, that the true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants named herein as Does 1 through 50, inclusive, are not now known to Plaintiff, which therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed and believes, and on that basis alleges that each of the Defendants are in some manner legally responsible for the wrongful acts

herein alleged. Plaintiff will amend this complaint to state the true names and capacities of those Defendants when the same have been ascertained.

9. Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.

## JURISDICTION

10. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 17 U.S.C. § 101 *et seq*. (actions arising under the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to copyrights).

11. This Court has personal jurisdiction over Patterson because he has conducted business and, upon information and belief, continues to conduct, business in California and in this judicial district. Personal jurisdiction over Patterson is also proper because he has purposefully availed himself of the jurisdiction of this Court by transacting business in this judicial district and the State of California concerning the Sweet Micky Film at issue in this action.

12. This Court has personal jurisdiction over SHOWTIME and SHOWTIME DIGITAL because they have conducted and, upon information and belief, continue to conduct business in California and in this judicial district. Moreover, upon further information and belief, SHOWTIME and SHOWTIME DIGITAL have transacted and continue to transact business in the United States and in this judicial district by advertising, exploiting, distributing, broadcasting and streaming the Sweet Micky Film to customers in this judicial district, and

SHOWTIME and SHOWTIME DIGITAL will continue to do so unless enjoined by this Court.

13. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law in that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to Plaintiff's claims occurred herein and because certain defendants reside in California and in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1400 (a).

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Ownership and Copyright of the Sweet Micky Film

15. Plaintiff is the owner of all right, title and interest in and to the Sweet Micky Film.

16. On April 24, 2016, the Sweet Micky Film was registered with the United States Copyright Office as Copyright Reg. No. Pau003736452. Attached hereto as **Exhibit "A"** is a true and correct copy of the U.S. Copyright Registration.

### B. Negotiations with SHOWTIME for Licensing of the Sweet Micky Film and the Unauthorized Signing of the Proposed License Agreement

17. On or around August of 2015, Plaintiff began preliminary negotiations with SHOWTIME and various other third parties for the proposed licensing of the Sweet Micky Film.

18. In or around September of 2015, SHOWTIME sent Plaintiff's representatives proposed deal terms for licensing the Sweet Micky Film (the "Proposed License Agreement"). Around the same time, representatives from

1  SHOWTIME requested certain information from Plaintiff, including who was going
2  to be signing the Proposed License Agreement on behalf of Plaintiff.

3    19. Is response, SHOWTIME was informed multiple times (orally and in
4  writing) that the only person that had authorization to execute the Proposed License
5  Agreement on behalf of Plaintiff was "Prakazrel Michel" p/k/a Pras Michel ("Pras
6  Michel"), Plaintiff's only authorized agent who was designated by Plaintiff's
7  manager.

8    20. Negotiations between Plaintiff and SHOWTIME lasted up until March
9  of 2016 where after Mr. Michel informed Plaintiff's sales agent, Preferred Content,
10 and the film's co-producer and director, Ben Patterson, that Mr. Michel, on behalf of
11 Plaintiff, did *not* approve of the terms of the Proposed License Agreement and that
12 he would *not* be signing the Proposed License Agreement on behalf of Plaintiff.

13   21. Ignoring Pras Michel's explicit directives, and without authorization or
14 knowledge of Plaintiff's authorized agent or Plaintiff's manager, on March 28, 2016,
15 Patterson signed the Proposed License Agreement between SHOWTIME and
16 Plaintiff as "Producer/Director" and then sent it to SHOWTIME via email the same
17 day.

18   22. On or around March 29, 2016, representatives of Plaintiff, including
19 Mr. Michel, were shocked to have discovered that Patterson had executed the
20 Proposed License Agreement and sent it to SHOWTIME *without* Plaintiff's
21 knowledge or authorization.

22   23. In an effort to rectify his actions, on April 5, 2016, Patterson sent an
23 email that was forwarded to SHOWTIME admitting that **he was "not able to sign**
24 **[the Proposed Agreement] on behalf of the film…**"

25   24. Further, on April 12, 2016, Plaintiff's attorneys notified SHOWTIME
26 that (i) the Proposed License Agreement was void and unenforceable, and, as such,

27
28

(ii) it had no right to distribute, broadcast or use any portion of the Sweet Micky Film, including any trailers or art work from the film.

25. SHOWTIME disregarded the email from Patterson and letters from Plaintiff's counsel and moved forward with broadcasting and streaming the Sweet Micky Film on its networks, which premiered on April 21, 2016.

26. SHOWTIME has aired the Sweet Micky Film at least 15 times since April 21, 2016, with numerous scheduled broadcasts for the future.  It is unknown, however, how many times the Sweet Micky Film has been streamed by customers of SHOWTIME DIGITAL on its streaming service SHOWTIME®.

27. SHOWTIME also continues to distribute the trailer and art work for the Sweet Micky Film on its website, Showtime.com.

## FIRST CLAIM FOR RELIEF

*(Copyright Infringement, 17 U.S.C. § 101, et seq.—Against SHOWTIME and SHOWTIME DIGITAL)*

28. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

29. Plaintiff is, and at all relevant times has been, the owner a valid copyright in and to the Sweet Micky Film (Copyright Reg. No. Pau003736452).

30. Through their conduct alleged herein, SHOWTIME and SHOWTIME DIGITAL have infringed Plaintiff's copyright in the Sweet Micky Film by publicly exhibiting the Sweet Micky Film on various cable television channels, including their network SHOWTIME®, and streaming the Sweet Micky Film on the Internet and via third party video stand-alone streaming services such as Apple ®, Roku®, Amazon® and Google®, without authorization in violation of sections 106, and 501 of the Copyright Act. 17 U.S.C. §§ 106, and 501.  The aforesaid conduct of SHOWTIME and SHOWTIME DIGITAL is without the consent or permission of Plaintiff.

31.     SHOWTIME and SHOWTIME DIGITAL have realized unjust profits, gains, and advantages as a proximate result of their infringement as long as such infringement is permitted to continue.

32.     Plaintiff is entitled to recover from SHOWTIME and SHOWTIME DIGITAL the amount of its actual damages incurred as a result of the infringement under 17 U.S.C. § 504, in such amount as shown by appropriate evidence, and the profits derived by SHOWTIME and SHOWTIME DIGITAL as a result of SHOWTIME and SHOWTIME DIGITAL's infringing activities. Therefore, Plaintiff demands an accounting to ascertain SHOWTIME and SHOWTIME DIGITAL's profits.

33.     Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for each infringement.

34.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for SHOWTIME and SHOWTIME DIGITAL's wrongful conduct because, among other things, (a) Plaintiff's copyright is a unique and valuable asset whose market value is impossible to assess, (b) SHOWTIME and SHOWTIME DIGITAL's infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) SHOWTIME and SHOWTIME DIGITAL's wrongful conduct, and the resulting damages to Plaintiff, is continuing.

35.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (*Contributory Copyright Infringement—Against Patterson*)

36.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, of this Complaint as if fully set forth herein.

37.     As set forth above, SHOWTIME and SHOWTIME DIGITAL have

infringed and continue to infringe Plaintiff's copyright in and to the Sweet Micky Film.

38. Patterson is aware of SHOWTIME and SHOWTIME DIGITAL's infringement of Plaintiff's rights to the Sweet Micky Film.

39. Patterson has knowingly and intentionally induced, caused and/or materially contributed to the infringement of Plaintiff's exclusive rights in and to the copyright for the Sweet Micky Film by: (i) signing the Proposed License Agreement without Plaintiff's knowledge or consent, and (ii) providing SHOWTIME a copy of the masters of the Sweet Micky Film so that SHOWTIME and SHOWTIME DIGITAL can publicly exhibit the Sweet Micky Film on various cable television channels and streaming services.

40. Patterson's acts of contributory infringement were willful, in disregard of, and with indifference to, Plaintiff's rights.

41. By reason of Patterson's actions and contributory copyright infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage therefrom.

42. As a direct and proximate result of Patterson's acts of contributory copyright infringement, Plaintiff is entitled to its actual damages and Patterson's profits derived from the infringement or, alternatively, the maximum statutory damages in the amount of $150,000 with respect to each infringed copyright pursuant to 17 U.S.C. § 504(c).

43. Plaintiff is additionally entitled to its attorneys' fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF

*(Declaratory Judgment –Against SHOWTIME Only)*

44. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein

45. An actual, present and justiciable controversy has arisen and exists between Plaintiff and SHOWTIME relating to the enforceability of the Proposed License Agreement, as SHOWTIME believes that the Proposed License Agreement is enforceable, whereas Plaintiff believes that the Proposed License Agreement is unenforceable because it was not signed by an authorized signatory of Plaintiff.

46. Plaintiff desires a declaration of its rights with respect to the Proposed License Agreement and with respect to SHOWTIME's purported rights pursuant to the Proposed License Agreement.

47. WHEREFORE, Plaintiff requests a declaratory judgment that the Proposed License Agreement is invalid and unenforceable.

## FOURTH CLAIM FOR RELIEF

(*Accounting—Against SHOWTIME and SHOWTIME DIGITAL*)

48. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, of this Complaint as if fully set forth herein.

49. As alleged, SHOWTIME and SHOWTIME DIGITAL, and each of them, have reproduced, used, distributed, broadcasted on cable networks and streamed on the Internet Plaintiff's copyrighted Sweet Micky Film without Plaintiff's authorization.

50. The exact number of times SHOWTIME and SHOWTIME DIGITAL have broadcasted and streamed the Sweet Micky Film is unknown to Plaintiff, and so are the profits accumulated by such infringing acts, which can be determined only by an accounting.

51. For the reasons herein stated, Plaintiff's request for an accounting and damages in accordance therewith is justified.

## FIFTH CLAIM FOR RELIEF

### (*Injunctive Relief—Against SHOWTIME and SHOWTIME DIGITAL*)

52. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, of this Complaint as if fully set forth herein.

53. SHOWTIME and SHOWTIME DIGITAL have distributed, broadcasted and streamed online, and will continue to distribute, broadcast and stream online, the Sweet Micky Film without Plaintiff's authorization.

54. SHOWTIME and SHOWTIME DIGITAL's wrongful conduct described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff. Indeed, with every unauthorized broadcast or streaming online of the Sweet Micky Film, the film is devalued even further and Plaintiff's opportunities to market and exploit the film to third parties are further diminished.

55. Plaintiff has no adequate remedy at law for the injuries that will occur in that it will be impossible to determine the amount of damage it will suffer if SHOWTIME and SHOWTIME DIGITAL's conduct is not restrained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

1. For preliminary and permanent injunctions restraining and enjoining SHOWTIME DIGITAL and SHOWTIME , and each of them, their agents, servants, employees, successors, licensees, subsidiaries, transferees, representatives and assignees, and any persons in active concern or participation with any of them, from directly or indirectly infringing on Plaintiff's copyright for the Sweet Micky Film, in any manner whatsoever. This includes, but is not limited to, immediately ceasing from any and all further promotion, distribution, broadcasting and streaming online of the Sweet Micky Film and ensuring that any and all of SHOWTIME and

1  SHOWTIME DIGITAL's affiliates, subsidiaries, partners, divisions, licensees, or
2  sublenses that are broadcasting or streaming the Sweet Micky Film cease such use;
3      2.    That this Court adjudge that SHOWTIME and SHOWTIME DIGITAL
4  have infringed Plaintiff's copyright in the Sweet Micky Film;
5      3.    That this Court adjudge that Patterson materially contributed to the
6  infringement of Plaintiff's copyright of the Sweet Micky Film and has therefore
7  contributorily infringed Plaintiff's copyright in the Sweet Micky Film;
8      4.    Award Plaintiff, at its election, either (i) actual damages and the profits
9  derived by Defendants, and each of them, as a result of their infringing activities,
10 or (ii) statutory damages in the maximum amount permitted under applicable law
11 with respect to Plaintiff's infringed copyright pursuant to 17 U.S.C. § 504;
12     5.    For a declaration by the Court that the Proposed License
13 Agreement is invalid and unenforceable;
14     6.    That SHOWTIME and SHOWTIME DIGITAL be ordered to furnish to
15 Plaintiff a complete and accurate accounting of all profits earned in connection with
16 their unauthorized exploitation and use of the Sweet Micky Film;
17     7.    That judgment be entered against Defendants, jointly and severally, for
18 Plaintiff's costs and attorney's fees pursuant to 17 U.S.C. §§ 101, *et seq.*;
19     8.    Prejudgment and post-judgment interest; and
20     9.    That the Court grant Plaintiff such other and further relief as it deems
21 just and equitable to make Plaintiff whole for the damage caused by Defendants.

Dated: July 15, 2016

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
LINDSAY D. MOLNAR

By:  /s/  Martin D. Singer
     MARTIN D. SINGER
     Attorneys for Plaintiff
     SWEET MICKY LLC

## JURY DEMAND

Plaintiff Sweet Micky LLC respectfully requests a jury trial on all issues triable set forth in this Complaint.

Dated: July 15, 2016

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
LINDSAY D. MOLNAR

By: /s/ Martin D. Singer
MARTIN D. SINGER
Attorneys for Plaintiff
SWEET MICKY LLC