# EXHIBIT E

Subject:     FW: Sorry crashed. Let me know when we can talk.
Attachments:     Sweet Micky LLC - Preferred LOI.pages

From: **carline Balan** &lt;befree6@mac.com&gt;
Date: Thu, Jun 2, 2016 at 3:16 PM
Subject: Fwd: Sorry crashed. Let me know when we can talk.
To: Pras &lt;prasmichel@gmail.com&gt;

Carline Balan

Begin forwarded message:

From: carline Balan &lt;befree6@mac.com&gt;
**Subject: Re: Sorry crashed. Let me know when we can talk.**
Date: April 1, 2016 at 5:32:20 AM EDT
To: Laolu Saraki &lt;lmsaraki@gmail.com&gt;

--
Pras Michel
Prasperity Group

EXHIBIT 33  5-16-17

1
CONFIDENTIAL    SM_000157

## SWEET MICKY, LLC

March, 2016

Company XYZ

    RE:    Investment Proposal

Dear:

    This letter of intent sets forth the basic terms upon which you or your designee (the "Investor") propose to invest in Sweet Micky, LLC (the "Company").

### I.

1. **Capital Contributions.** The Investor will agree to contribute $10,000,000 (the "Contribution") in cash to the Company in exchange for Class C membership interests (the "Class C Units"), representing an aggregate of 10% of the equity interests of the Company on a fully-diluted basis. The Commitment will be funded $2,500,000 at closing, $2,500,000 May 1st 2016, $2,500,000 July 1st, 2016 and $2,500,000 September 1st, 2016. In its capacity as holder of the Class A Units, the Investor may be referred to as the "Class A Member".

2. **Distributions.** Available cash flow from operations or from a sale or refinancing will be distributed: (i) first, to the Investor, a return at the annual rate of 12%, compounded quarterly, on its unreturned cash capital contributions (the "Class A Preferred Return"); (ii) second, to the Investor in an amount equal to its unreturned capital contributions, (iii) third, to the holders of Class A and B Units (the "Class A Member" and the "Class B Member") in an amount equal to their respective unreturned capital contributions as provided in the current Operating Agreement of the Company, and (ii) thereafter, to the Members in accordance with their percentage interests.

3. **Use of Proceeds.** All proceeds of the Contribution will be used (i) approximately $3 million to retire outstanding payables and other indebtedness and to redeem existing preferred equity; and (ii) for marketing and promotion of the film known as "Sweet Micky for President" and for Company working capital or otherwise as approved by the Investor.

4. **Information and Reporting.** The Company will provide the Class A Member in a timely fashion with unaudited annual and quarterly financial statements (commencing with the first full fiscal quarter after closing) and all information required for tax reporting. Prior to the commencement of each fiscal year, the Company will provide the Class A Member with proposed operating and capital expenditure budgets for the following fiscal year.

5.  Definitive Agreements. The consummation of the contemplated transactions will be subject to the satisfactory completion of the Investor's due diligence and other customary closing conditions and the negotiation of definitive agreements (the "Definitive Agreements") containing the terms of this letter of intent and other appropriate and customary terms not inconsistent herewith.

<p style="text-align:center">II.</p>

The following Paragraphs 6 through 13 of this letter of intent (the "Binding Provisions") are the legally binding and enforceable agreements of the parties to this letter of intent:

6.  Expenses. Each party shall be responsible for its costs and expenses related to the transactions contemplated by this letter of intent.

7.  Disclosure. Except as and to the extent required by law, without the prior written consent of the other party, neither the Investor or the Company, will, and each will direct its representatives not to, make, directly or indirectly, any public comment, statement or communication with respect to, or otherwise to disclose or to permit the disclosure of the existence of discussions regarding, a possible transaction among the parties or any of the terms, conditions or other aspects of the transaction proposed in this letter of intent. If a party is required by law to make any such disclosure, it must first provide to the other party the content of the proposed disclosure, the reasons that such disclosure is required by law, and the time and place that the disclosure will be made.

8.  Due Diligence; Access. The consummation of the contemplated transactions by the Investor will be subject to the satisfactory completion of the Investor's due diligence review of the Company, its operations, assets and financial condition. During the period from the date on which this letter of intent has been signed by the Investor until the date on which either the Investor or the Company provides the other party with written notice that negotiations toward Definitive Agreements are terminated, the Company will afford the Investor with access to the Company, its personnel, properties, contracts, books and records and all other documents and data upon reasonable notice and without unreasonable disruption to the Company's business.

9.  Entire Agreement. The Binding Provisions constitute the entire agreement among the parties and supersede all prior oral or written agreements, understandings, representations and warranties and courses of conduct and dealing among the parties on the subject matter thereof. Except as otherwise provided herein, the Binding Provisions may be amended or modified only by a writing executed by all of the parties to this letter of intent.

10. Governing Law. The Binding Provisions will be governed by and construed under the laws of the State of Delaware without regard to conflicts-of-laws principles.

CONFIDENTIAL        SM 000159

11. <u>Jurisdiction; Service Of Process</u>. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, the Binding Provisions may be brought against any of the parties in the state or federal courts located in Wilmington, Delaware, and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein. Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world.

12. <u>Counterparts</u>. This letter of intent may be executed in one or more counterparts, each of which will be deemed to be an original of this letter of intent and all of which, when taken together, will be deemed to constitute one and the same letter of intent.

13. <u>No Liability</u>. The provisions of <u>Paragraphs 1 through 5</u> of this letter of intent are intended only as an expression of intent on behalf of the parties hereto, are not intended to be legally binding on the Investor or the Company and are expressly subject to satisfactory completion by the Investor of its due diligence review and the execution of Definitive Agreements. Moreover, except as expressly provided in <u>Paragraphs 6 through 13</u> (or as expressly provided in any binding written agreement that the parties may enter into in the future), no past or future action, course of conduct or failure to act relating to transactions contemplated hereby, or relating to the negotiation of the terms of the Definitive Agreements, will give rise to or serve as a basis for any obligation or other liability on the part of the Investor or the Company.

If you are in agreement with the foregoing, please sign and return one copy of this letter of intent by no later than 5 p.m. on January 20th, 2016, which thereupon will constitute our understanding with respect to its subject matter.

Very truly yours,

Sweet Micky, LLC

By SPM 2012 Holdings, LLC, Member

By:_____
     Prakazrel S. Michel, Manager


Agreed to as to the Binding Provisions on _____, 2016.


Company XYZ

By:_____

CONFIDENTIAL                    SM_000160

Company XYZ

CONFIDENTIAL          SM_000161